**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff - Appellee,<br><br>  v.<br><br>DREW YIM,<br><br>              Defendant - Appellant. | No. 12-30169<br><br>D.C. No. 2:11-cr-00131-MJP-1<br><br><br>MEMORANDUM<sup>*</sup> |

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff - Appellee,<br><br>  v.<br><br>HOANG LAM,<br><br>              Defendant - Appellant. | No. 12-30179<br><br>D.C. No. 2:11-cr-00131-MJP-9 |

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff - Appellee,<br><br>  v. | No. 12-30211<br><br>D.C. No. 2:11-cr-00131-MJP-10 |

---

    <sup>*</sup>    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

REUBEN CAMACHO-CONTRERAS,

Defendant - Appellant.

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, Chief District Judge, Presiding

Argued and Submitted July 10, 2013
Seattle, Washington

Before: KLEINFELD, M. SMITH, and N.R. SMITH, Circuit Judges.

The district court did not err in denying Yim's and Camacho's motions to suppress. The affidavits in support of the wiretap applications contained "a full and complete statement as to whether or not other investigative procedures ha[d] been tried and failed or why they reasonably appear[ed] to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(1)(c). Among the specific reasons that the affidavits were sufficient are the descriptions of the successful use of confidential informants, and the reasons why further use of those informants was not feasible. Among other things, the affidavits also described evidence of the organization's sophistication, several instances of counter surveillance efforts by

2

the targets, and a financial investigation that revealed large cash deposits by individuals without any evidence of legitimate employment. The issuing court's finding that the wiretaps were necessary was not an abuse of discretion. United States v. Garcia-Villalba, 585 F.3d 1223, 1228 (9th Cir. 2009).

The district court did not err in denying Yim's motion for a Franks hearing because Yim failed to "make a substantial showing that supports a finding of intent or recklessness." United States v. Gonzalez, Inc., 412 F.3d 1102, 1111 (9th Cir. 2005). The district court found no misstatements or omissions in the affidavits that were recklessly or intentionally made. This finding was not clear error. United States v. Meek, 366 F.3d 705, 716 (9th Cir. 2004) ("We review de novo a district court's denial of a Franks hearing, and review for clear error the district court's underlying finding that the government did not intentionally or recklessly make false statements.").

There is no support in the record for Lam's contention that the district court did not understand its discretion under Kimbrough v. United States, 552 U.S. 85 (2007). Absent some contrary indication in the record, we assume that district judges understand the law. See United States v. Carty, 520 F.3d 984, 992 (9th Cir.

3

2008) (en banc). Here, the district court explained why it declined to apply a different standard than the Sentencing Guidelines for MDMA.

**AFFIRMED.**